IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONICA D. REED, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 08-cv-106-WDS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is petitioner Monica Reed's *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C § 2255 (Doc. 1), to which the government has filed a response (Doc. 6), petitioner filed a reply (Doc. 10), and the government filed a response to petitioner's reply (Doc. 15). Petitioner has also filed an amendment (Doc. 21). Also before the Court are two motions filed by the petitioner urging this Court to proceed with issuing a ruling on the § 2255 petition (Doc. 17, 20). The government filed a response to these documents (Doc. 18), and the petitioner filed a reply (Doc 19). Finally, the petitioner has filed a motion for recognance [sic] bond (Doc. 22), a memorandum in support of new evidence (Doc. 23), and a motion to have petitioner's pre-sentence investigation report revised (Doc. 24).

**Background**

On November 8, 2006, petitioner pled guilty to a ten count indictment charging six counts of Wire Fraud in violation of 18 U.S.C. § 1343, one count of Bank Fraud in violation of 18 U.S.C. § 1344, one count of Access Device Fraud in violation of 18 U.S.C. § 1029(a)(2), one count of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1) and (b), and one

count of Use of a False Document in violation of 18 U.S.C. § 1001(a)(3). On February 13, 2007, this Court sentenced petitioner to 111 months of imprisonment as a result of petitioner's plea. Petitioner did not file a notice of appeal to challenge her conviction or sentence, although she now asserts that she timely asked her attorney to file an appeal.

In her motion to vacate, set aside or correct the sentence imposed upon her by this Court, petitioner initially argues: (1) that she received ineffective assistance of counsel; (2) that she was subjected to prosecutorial misconduct; and (3) that the sentence imposed upon her was both unreasonable and illegal.

The issues raised in this petition were further developed in petitioner's reply to the government's response (Doc. 10) and in petitioner's reply to the government's response to her motion to proceed with ruling on her petition (Doc. 19). Among the issues raised by the petitioner in these filings was the claim that counsel provided her with ineffective assistance by failing to file a requested appeal.

Additionally, petitioner filed an amendment to her initial motion alleging that statutory interpretations present in recent United States Supreme Court jurisprudence require that her sentence be set aside (Doc. 21). Further, petitioner filed a motion seeking release from incarceration on a recognance [sic] bond (Doc. 22), a memorandum supporting the consideration of additional evidence with regard to her § 2255 motion (Doc. 23), and a motion to have her pre-sentence investigation report revised (Doc. 24). The government has not filed responses to petitioner's amended request for relief, petitioner's motions for release on bond, or revision of pre-sentence investigation report, and has offered no consideration of petitioner's memorandum supporting additional evidence.

This Court will first consider petitioner's claim of ineffective assistance based on counsel's failure to file a requested direct appeal. The Court must consider this issue before any other because of petitioner's potential opportunity to have a direct appeal granted, which would allow her to potentially raise all or some of her claims raised here as part of a direct appeal. Should this Court determine that an appeal is not warranted, it will render its decision on all remaining claims at the appropriate time.

## ANALYSIS

**I. Claim of Ineffective Assistance based on Counsel's Failure to File a Requested Direct Appeal**

Petitioners are entitled to hearings regarding the appropriateness of § 2255 claims unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. 28 U.S.C. § 2255(b) (2010). However, grounds for relief pursuant to 28 U.S.C. § 2255 are more limited than grounds for relief on direct appeal. *See Guinan v. United States*, 6 F.2d 468, 470 (7th Cir. 1993). When possible, all issues raised in a § 2255 motion must first be raised on direct appeal. *See Williams v. United States*, 805 F.2d 1301, 1304 (7th Cir. 1986), *cert. denied,* 481 U.S. 1039 (1987).

Specifically, there are three issues that a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, absent a showing either of good cause for the procedural default and actual prejudice stemming from the alleged error, or that the district court's failure to consider the issues presented would result in a fundamental miscarriage of justice. *See McCleese v. United States*,

75 F.3d 1174, 1177 (7th Cir. 1996); *Degaglia v. United States*, 7 F.3d 609, 611 (7th Cir. 1993); *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).

The Court confronts an interesting situation, however, because the petitioner claims she requested her attorney to file a direct appeal and her attorney did not do so. "If the defendant told his lawyer to appeal, and the lawyer dropped the ball, then the defendant has been deprived, not of effective assistance of counsel, but of *any* assistance of counsel on appeal. Abandonment is a *per se* violation of the sixth amendment." *Castellanos*, 26 F.3d at 718 (citing *United States v. Cronic*, 466 U.S. 648, 658-59 (1984)).

The Seventh Circuit has held that the "prejudice" prong of *Strickland* need not be shown preliminarily on the failure to appeal issue. *Id.* at 720. In other words, "failure to take an appeal, despite the defendant's request, is ineffective assistance without regard to the probability of success on appeal." *Id.* at 719. The Circuit noted the importance of the "request" in this analysis, as "[o]nly a failure to appeal a judgment that the defendant desires to appeal is problematic." *Id*. While an attorney may advise against an imprudent appeal, "if the defendant nonetheless insists on appealing, the lawyer must file the notice of appeal and represent his client earnestly unless relieved by the court of appeals." *Id*.

In *Castellanos*, the Seventh Circuit vacated and remanded the district court's decision so that the district court could decide whether the defendant actually instructed his lawyer to appeal, and if the answer was yes, to "enter an order providing the appropriate relief for the ineffective assistance: the defendant receives the right to an appellate proceeding, as if on direct appeal, with the assistance of counsel." *Id*. (citing *Page v. United States*, 884 F.2d 300 (7th Cir. 1987)).

4

In light of the relevant case law, the pertinent questions are whether petitioner here actually requested her lawyer to appeal, and whether she has presented enough evidence on this issue to warrant an evidentiary hearing. *See Kafo v. United States*, 467 F.3d 1063, 1065 (7th Cir. 2006). In the *Kafo* case, the Seventh Circuit concluded "that the amended motion submitted by Mr. Kafo was insufficient because it was not submitted under oath or accompanied by an affidavit." *Id*. The Circuit vacated and remanded the district court's denial of Mr. Kafo's petition with "instructions that the court give the petitioner an opportunity to file such a verified pleading or affidavit." *Id.* The *Kafo* Court reiterated the rule that:

> [I]n order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions. We have referred to the affidavit as a threshold requirement; its absence precludes the necessity of a hearing.

*Id*. at 1067. (Internal quotations and citations omitted).

Such a presentation of actual proof can be presented through a writing either "sworn or signed under penalty of perjury," but it must be affirmed. *Id.* at 1068 n.8. This verification requirement ensures that a petitioner can provide *some evidence* beyond conclusory and speculative allegations to provide support for the continuation of proceedings. *Id.* By providing a signed affirmation, the petitioner enables his or her own statement to become evidence that can be considered by the court in determining whether the threshold of evidence necessary to require an evidentiary hearing has been met. *Id.*

Petitioner's initial petition was submitted under oath and penalty of perjury, enabling it to fulfill *Kafo*'s affidavit requirement. This petition, though, did not include trial counsel's failure

to submit a direct appeal as grounds for ineffective assistance, and it will not be sufficient to support the claim in question.

After the government claimed that petitioner was unable to raise a number of the issues addressed in her complaint because she failed to file a direct appeal following conviction, petitioner responded by asserting that she requested such an appeal, but that her attorney neglected to file one. This assertion was expanded further in a later filing replying to the government's response to petitioner's motion to proceed, where petitioner set forth a relatively detailed account of the steps taken to request that counsel file a direct appeal. However, none of these filings (including the detailed assertions presented in Doc. 19) were submitted under oath or penalty of perjury. As such, petitioner has at no point submitted her claim of ineffective assistance of counsel for failure to file a requested direct appeal via a properly sworn affidavit.

In the wake of *Kafo*, such a failure indicates that sufficient facts have not been presented to justify an evidentiary hearing. However, based on the assertions set forth in the above documents and the nature of the allegedly ineffective assistance as a *per se* violation of petitioner's constitutional rights, it would be improper not to allow petitioner an opportunity to correct her failure to properly file a sworn statement describing the allegedly ineffective assistance. Accordingly, the Court **GRANTS** petitioner leave to file a properly sworn statement setting forth all of the facts regarding her trial counsel's failure to file a requested direct appeal.

## II.  Motion for Recognizance Bond

On September 16, 2010, petitioner filed a motion for recognance [sic] bond, requesting that she be released into the community supervision of a halfway house on her own recognizance until this Court issues a ruling on her motion under § 2255 (Doc. 22).

Under Federal Rule of Appellate Procedure 23(b), a court that rendered a decision to commit a prisoner into custody may order that said prisoner be released on her own personal recognizance pending the review of that decision. However, no presumption of release exists for review of decisions to commit a party to custody, and if that court sees the petitioner as a flight risk, as a party with a risk of reoffending, or as a party to a case which would be adversely affected by transfer, there is no presumption that release will be granted. *See U.S. ex rel. McInery v. Shelly*, 702 F.2d 101 (7th Cir. 1982). At the time of petitioner's request, though, she had already been duly convicted of her crimes and sentenced in this court to a term of 111 months confinement. Therefore, any release on recognizance would be the action of this court rather than the product of a presumption.

Motions for bail pending appeal from a federal convictions are governed by 18 U.S.C. § 3143(b), which provides, *inter alia*, that a person found guilty of an offense and sentenced be detained unless the judicial officer finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in  – (i) reversal, (ii) an order for new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Technically this statute applies to defendants who are awaiting appeal after conviction, and not to petitioners awaiting decisions on 2255 petitions. For petitioner, until a determination is made as to whether she may be entitled to an appeal, it is not completely clear whether this statute applies to her. Even giving the petitioner the benefit of applying this standard instead of the

more stringent 2255 standard, the Court **FINDS** that the petitioner is not entitled to release on bond pending the conclusion of these proceedings.

Furthermore, "there is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases, but a power to be exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). Post-conviction relief of this kind should not be granted casually for obvious reasons:

> A defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

*Id*.

In her motion for recognizance bond, petitioner merely alleges that she has taken 640 hours of programming to include parenting, business education, self help, and fitness courses, and that a halfway house setting would render her closer to home and enable her to work, further preparing her for release. Petitioner alleges that she has had no disciplinary issues while imprisoned. Petitioner alleged that she has approximately 42 months of imprisonment remaining as of her filing in mid-September 2010.

While the Court commends petitioner's efforts to take advantage of programming that benefits her while imprisoned, the Court cannot grant her motion for recognizance bond, a remedy that must be granted sparingly, based on her efforts. The facts alleged do not provide clear and convincing evidence that petitioner meets any of the required elements of 18 U.S.C. §

3143(b), the more lenient standard in determining whether to allow a defendant out on bond. Furthermore, to further the interest of the finality of criminal proceedings, this Court cannot justify releasing petitioner on bond pursuant to its inherent powers.

## CONCLUSION

Therefore, in order to ensure that petitioner has an opportunity to obtain an evidentiary hearing, should she be entitled to one, to determine whether a *per se* constitutional violation occurred within the scope of her representation before this Court, petitioner is hereby **GRANTED** leave to file with this Court, on or before November 30, 2010, a sworn affidavit setting forth specific support for her allegation that trial counsel ineffectively failed to file a requested direct appeal. The government shall file any response within seven (7) days of the date of petitioner's filing.

This Court **HEREBY REFERS** this case to Magistrate Judge Clifford J. Proud, so that he may consider the limited issue of whether petitioner has sufficiently pled that counsel failed to file a direct appeal after petitioner requested one, and if necessary, to hold a hearing to determine whether petitioner should be granted leave to file an appeal at this time. The Court requests that Magistrate Judge Clifford J. Proud file a report and recommendation on this limited issue.

Additionally, for the reasons stated above, petitioner's motion for Recognizance Bond (Doc. 22) is **DENIED**.

In light of the above rulings, the petitioner's filings are currently being considered by the Court, and therefore, petitioner's motions to proceed with ruling on 28 U.S.C. § 2255 (Doc. 17, 20) are **DENIED** as **MOOT**.

**IT IS SO ORDERED**

**DATE: November 10, 2010**

              **/s/  WILLIAM D. STIEHL**
                **DISTRICT JUDGE**