IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MONICA D. REED,** | ) | |
| Petitioner, | ) | |
| v. | ) | Civil No. 08-106-WDS |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | |

## REPORT and RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to District Judge William D. Stiehl pursuant to 28 U.S.C. §636(b)(1)(B).

Petitioner Monica D. Reed filed a motion to vacate, set aside or correct sentence under 28 U.S.C.§2255. The Honorable William D. Stiehl referred this matter to the undersigned Magistrate Judge "so that he may consider the limited issue of whether petitioner has sufficiently pled that counsel failed to file a direct appeal after petitioner requested one, and if necessary, to hold a hearing to determine whether petitioner should be granted leave to file an appeal at this time." See, Doc. 27, p. 9.

## Nature of Case

On February 23, 2006, Monica Dean Reed was indicted in Case Number 06-CR-30026-WDS. Counts 1 through 6 charged wire fraud. Count 7 charged bank fraud. Count 8 charged credit card fraud. Count 9 charged aggravated identity theft. Count 10 charged use of a false document.

Assistant Federal Public Defender Andrea Smith represented Reed. Reed plead guilty to

1

all 10 counts on November 8, 2006. She entered into a written plea agreement for an open plea. Doc. 6, Ex. 2. The agreement did not include a waiver of appeal rights. The Government's calculation of the sentencing range was 70 to 87 months, plus a consecutive sentence of 24 months on the aggravated identity theft count. Ex. 2. P. 6.

The transcript of the sentencing hearing is attached to Doc. 6 as Exhibit 5. Judge Stiehl sentenced Reed to a total of 111 months, which was the high end of the range (87 months concurrent, plus 24 months consecutive). Ex. 5, p. 10. Judge Stiehl advised Reed of her right to appeal. He specifically informed her that a notice of appeal must be filed within ten days, and that the Clerk of Court would file a notice of appeal on her behalf if she requested same. Ex. 5, pp. 15-16.

Petitioner was sentenced on February 12, 2007. She did not file a notice of appeal. She filed her Section 2255 one year later.

## Applicable Law

Defense counsel's failure to file an appeal after having been requested to do so by the defendant is *per se* ineffective assistance of counsel, and the petitioner is not required to demonstrate prejudice by showing that an appeal would have been successful. **Castellanos v. U.S., 26 F.3d 717, 718 (7th Cir. 1994).** If a petitioner establishes such *per se* ineffective assistance of counsel, the remedy is to vacate the judgment, reimpose the sentence, and permit her to pursue a direct appeal. **See,** *U.S. v. Hirsch***, 207 F.3d 928, 930-931 (7th Cir. 2000).**

In *Roe v. Flores-Ortega,* **528 U.S. 470, 120 S.Ct. 1029 (2000)**, the Supreme Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for

2

example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." ***Flores-Ortega*, 528 U.S. at 480, 120 S.Ct. at 1036**. The Supreme Court explained that consulting means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." ***Flores-Ortega*, 528 U.S. at 478, 120 S.Ct. at 1035**.

Pursuant to 28 U.S.C. §2255(b), petitioner is entitled to a hearing unless "the motion and the files and records of the case conclusively show that [she] is entitled to no relief...." In order to be entitled to a hearing, "the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." ***Kafo v. U.S.*, 467 F.3d 1063, 1067 (7th Cir. 2006)**.

### Allegations Regarding Failure to File Notice of Appeal

Reed did not claim in her initial pleading that defense counsel refused to file an appeal for her. After the Government argued that she cannot raise certain issues in her Section 2255 proceeding because she failed to raise them on direct appeal, Reed filed a reply in which she stated that she requested that counsel file an appeal, but counsel "neglected to do so." Doc. 10, p. 7. In a further response to the Government's reply, she refined her claim by stating that, immediately after sentencing, she asked Ms. Smith to file an appeal. Ms. Smith told her to call her the next day, which she did. She again asked Ms. Smith to file an appeal, but Ms. Smith told her that filing an appeal "would be of no benefit to Reed whatsoever." Doc. 19, p. 3.

At Judge Stiehl's direction, Reed filed a *Kafo* affidavit at Doc. 28. She stated therein that she was advised of her right to file an appeal within ten days, and that she had no questions

3

regarding same at her sentencing.  She again stated that she asked defense counsel to file an appeal immediately after she was sentenced, and that Ms. Smith told her to call her the next day to discuss the matter.  During a telephone conversation the next day,  defense counsel told her that "filing an appeal would be of no benefit to Reed whatsoever."  Reed also points out that, in an affidavit filed by the Government, Andrea Smith said that she does not recall Reed asking her to file an appeal.  Doc. 28, pp. 1-2.

Thereafter, with leave of Court, the Government filed a supplemental response which included copies of some letters that Reed wrote to the Federal Public Defender's office in May, 2007, January, 2008, and July 2010.  Reed did not mention in these letters that defense counsel had refused to file an appeal after she had requested same.  See, Doc. 34 and Exhibits.

In response to Doc. 34, Reed again stated that, during a telephone conversation on the day after she was sentenced, defense counsel told her that "filing a direct appeal would be of no benefit to Reed whatsoever."  Doc. 36, p. 2.  Reed goes on to state:

> Reed is **not** an attorney, nor did Reed have any knowledge of Federal law or appeal process.  Reed could only once again trust Smiths [sic] knowledge and her expertise [sic] judgement, and accept the fact that she had no grounds and a direct appeal really would be of no benefit.  (emphasis in original).

Doc. 36, p. 2.

At page 4 of Doc. 36, Reed states that defense counsel was ineffective in several ways, including that she "denied Reed the right to direct appeal by telling Reed it would be of no benefit to her."

4

**Analysis**

Here, Reed's pleadings conclusively establish that she is not entitled to relief on her claim that defense counsel refused her request to file an appeal. No hearing is required on this issue. It is not necessary to decide any issues of fact. Reed's own allegations with respect her request that an appeal be filed establish that she is not entitled to relief on that claim.

Defense counsel was required to consult with Reed about filing an appeal, meaning that she was required to advise Reed of the advisability of filing an appeal and make a reasonable effort to discover Reed's wishes. *Flores-Ortega*, **528 U.S. at 478, 120 S.Ct. at 1035**. According to Reed's pleadings, defense counsel did just that. Reed has stated repeatedly that, in a telephone conversation on the day after sentencing, defense counsel told Reed that an appeal would be of no benefit. Reed also states that she trusted counsel's knowledge and expertise, and accepted her advice. Doc. 36. P. 2.

Where, as here, the defendant accepts counsel's advice not to appeal, the claim of *per se* ineffective assistance of counsel fails. *Gant v. U.S.*, **627 F.3d 677 (7th Cir. 2010)**.

**Recommendation**

Because petitioner's own pleadings establish that defense counsel consulted with her about filing an appeal, and that petitioner accepted her advice, this Court recommends that the District Court find that:

1. Petitioner is not entitled to a hearing on the issue of whether she requested that an appeal be filed; and

2. Petitioner is not entitled to relief on her claim that defense counsel was *per se* ineffective for failing to file an appeal after having been requested to do so.

5

Objections to this Report and Recommendation must be filed on or before April 4, 2011.

**Submitted: March 16, 2011.**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**